# THE UNION MUTUAL LIFE INSURANCE COMPANY

## *v.*

## ELIZABETH KIRCHOFF.

*Filed at Ottawa March 31, 1894.*

1. CONTRACT—*to convey land—construed—payment of taxes.* A mortgagor of real estate agreed with the mortgagee to convey the property to the latter, and make no defense to a foreclosure, which was necessary to cut off certain prior liens, and to pay the mortgagee $10,000 for a reconveyance of the premises. The mortgagee claimed credit for items of money expended in the payment of taxes and the purchase of tax titles against the property, prior to the agreement to reconvey: *Held,* that such items were properly disallowed.

2. TAX DEED—*under United States revenue laws.* The United States seized certain real estate for certain revenue taxes due from a firm occupying it as a distillery, the owner of the land being in no way connected with such firm. The United States having obtained a tax deed, sold and conveyed the land to A: *Held,* that no title passed to the United States, and that the purchaser took, at most, only the lien for delinquent taxes.

3. SPECIFIC PERFORMANCE—*of contract to reconvey—jurisdiction.* Where an insurance company had acquired title to certain lands and lots by a quitclaim deed from the former owner and certain foreclosure proceedings in the circuit court of the United States, under an agreement that the company was to perfect the title to the lands and reconvey to the former owner on the payment of $10,000, the State courts will have jurisdiction to specifically enforce such agreement. A court of equity has jurisdiction to enforce the contract, whether called a contract to redeem or to reconvey.

4. PRACTICE IN THE SUPREME COURT—*errors not assigned considered waived—subsequent appeal.* Where a cause has been heard in this court, and remanded with directions as to the decree to be entered, a party, on a subsequent appeal, can not assign for error any cause that accrued or existed prior to the judgment of this court. All errors not assigned will be considered as waived, and can not afterward be urged.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

Mr. FRANK L. WEAN, and Mr. E. PARMALEE PRENTICE, for the appellant:

The bill in this case is a bill to redeem from a trust deed or mortgage, which had, prior to the filing of the bill, been foreclosed, and the rights of the parties settled, by decrees and orders of the United States Circuit Court. *Kirchoff* v. *Insurance Co.* 33 Ill. App. 607; 128 Ill. 199; 133 id. 368.

The bill is, in effect, a bill of review upon a decree of the United States Circuit Court, and the relief prayed for and decreed in the State court can not be allowed without upsetting every adjudication made by the United States court in the foreclosure proceedings. *Allman* v. *Taylor*, 101 Ill. 185; *McConnell* v. *Gibson*, 12 id. 128; *Randall* v. *Howard*, 2 Black, 585; *Windett* v. *Insurance Co.* 130 Ill. 621; *Griggs* v. *Gear*, 3 Gilm. 2.

If there was an agreement which gave appellee the right to redeem, such an agreement became a part of the foreclosure proceedings, and was merged in the decree entered, so that the only proper forum in which to assert such an agreement was the court which rendered the decree. A decree can only be reviewed by the court which entered it. *Brown* v. *Frost*, 10 Paige Ch. 243; *Thompson* v. *Tolmie*, 2 Pet. 157; *Parish* v. *Marvin*, 15 Wis. 247; *Wetherbee* v. *Fitch*, 117 Ill. 67; *Rae* v. *Hulbert*, 17 id. 572; *Randall* v. *Howard*, 2 Black, 585; *Nougue* v. *Clapp*, 101 U. S. 551; *Griggs* v. *Gear*, 3 Gilm. 2.

A State court has no jurisdiction to interfere with or control the proceedings of a Federal court or nullify its decrees. *Maloney* v. *Dewey*, 127 Ill. 405; *Hanna* v. *Read*, 102 id. 596; *Sproehnle* v. *Dietrich*, 110 id. 202; *Logan* v. *Lucas*, 59 id. 233; *Munson* v. *Harroun*, 34 id. 422; *Hancock* v. *Hutchinson*, 76 Va. 609; *Wetherbee* v. *Fitch*, 117 Ill. 67; *Ritchie* v. *Pease*, 114 id. 353; *Windett* v. *Insurance Co.* 130 id. 621; *Howe* v. *Kane*, 2 Chand. 222; *Coal Co.* v. *McCreery*, 141 U. S. 475.

By the deed from the United States appellant acquired a valid title, prior and paramount to and independent of the

mortgage, and it is beyond the power of the State court to set aside the deed obtained by virtue of the internal revenue laws of the United States, or order a conveyance therefrom, on a bill to redeem from the mortgage.   *Walthall* v. *Rives*, 34 Ala. 91; *Harrison* v. *Roberts*, 6 Fla. 711; *Griffin* v. *Marine Co.* 52 Ill. 130; *Chickering* v. *Failes*, 26 id. 507; *Gelston* v. *Hoyt*, 3 Wh. 246; *Slocum* v. *Mayberry*, 2 id. 1; *Cornell* v. *Woodruff*, 77 N. Y. 204; U. S. Rev. Stat. 1873, chap. 12, sec. 711.

Messrs. HARBERT & DALEY, for the appellee:

The foreclosure proceedings in the United States court did not oust the State court of jurisdiction to enforce the agreement.

The appellant had no right to be reimbursed for expenditures on account of taxes paid or tax titles acquired prior to the agreement with appellee.

The deed from the United States government operated merely as a release of its lien for taxes upon the premises, and not as an independent title.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This cause was begun in the circuit court of Cook county, by appellee, against appellant, where a decree was entered dismissing the bill.   On appeal to the Appellate Court for the First District that decree was reversed and the cause remanded, with directions to have an account stated in the manner therein designated, and when the amount due appellant was ascertained, to enter a decree that upon the payment thereof, with interest, within ninety days, it should convey to appellee the lots in question, and that she recover her costs, but if she failed to make such payment her bill should be dismissed at her cost.   That judgment was affirmed by this court on appeal by the company.   (133 Ill. 368.)   As shown by the opinion then filed, the bill was brought to redeem, or enforce a reconveyance of, certain real estate to which the

company had acquired title by quitclaim deed from Mrs.
Kirchoff and husband, and under a decree of foreclosure in
the circuit court of the United States. The controversy be-
tween the parties to the bill then was, whether a contract had
been entered into between the parties, whereby the company,
in consideration of a quitclaim deed by Mrs. Kirchoff to it,
and the payment of a certain sum of money, had agreed to
reconvey to her the lots in question, and whether, if such an
agreement was made, the complainant was entitled, under all
the facts of the case, to enforce it in this action. The terms
of the contract and all the facts are there fully stated, and
the merits of the case settled adversely to the company. On
the remandment of the cause to the circuit court it was re-
ferred to a master to state the account, in conformity with the
directions given in the opinion of the Appellate Court. On
the coming in of his report the same was approved, and a de-
cree entered requiring the complainant to pay the defendant
$18,858.54, and interest, within ninety days, and thereupon
the defendant to convey to her the premises. From this de-
cree the company appealed to the Appellate Court, where a
judgment of affirmance was entered, and it now appeals to this
court.

Much of the argument of counsel for appellant is devoted
to an effort to show a want of jurisdiction in the circuit court
of Cook county over the subject matter of this litigation.
Whether, upon this second appeal, that is an open question,
we do not deem it important to determine, being clearly of
the opinion that the position of counsel is untenable.

It is said the suit is brought to review and set aside a de-
cree of the United States Circuit Court, and the bill is treated,
throughout the discussion, as hostile to the foreclosure pro-
ceeding in that court, or as attempting to obtain relief prop-
erly available in that action. This is a misapprehension of
the scope and purpose of complainant's bill. In our former
opinion we said: "After the settlement had been concluded,

it turned out that certain incumbrances existed against some of the property, which were subsequent to the trust deed, but which would take priority to the quitclaim deed executed by complainant and her husband. It therefore became necessary, in order to obtain a perfect title, to go on with the foreclosure proceedings, which was done." This statement is based upon an allegation of the bill to the effect that, it being represented to the complainant by the attorney of the company that it would be necessary to foreclose the trust deed in order to make good the title in the company to the lots before they could take a mortgage thereon for the installments of redemption money, it was agreed between the parties that the agreement for redemption should not be executed until after the title had been perfected in the company by foreclosure, but in the meantime complainant should execute and deliver to the company her quitclaim deed, and should interpose no defense to such foreclosure. The allegation was found, in the opinion above referred to, sustained by proofs, and is conclusive of that fact upon this appeal. The foreclosure decree in the Federal Court was therefore as much the result of the agreement relied upon by complainant as was the making of the quitclaim deed by her. So far from this being an attempt to review, modify or set aside the decree of the United States Circuit Court, the right of action is predicated, in part, at least, upon it. Whether the bill be called a bill to redeem, or given another name, can in no way affect the question of jurisdiction in the State court. The relief sought is the enforcement of a *contract* to reconvey the property in question, which we have already held the complainant entitled to. Her rights grow out of the alleged contract, and not by reason of anything that was done, or could have been done, in the Federal Court in the foreclosure suit. That a court of equity has jurisdiction to enforce the contract, whether it be called a contract to redeem or to reconvey, is, we think, too clear for argument. There is nothing in *Windett* v. *Connecticut Mutual*

*Life Ins. Co.* 130 Ill. 621, or *Maloney et al.* v. *Dewey et al.* 127 id. 395, to the contrary.

On the accounting the company claimed credit for items of money expended in payment of taxes and the purchase of tax titles against the property, prior to the agreement to re-convey, which, on objection by complainant, were disallowed. This ruling is assigned for error, but we think it is in con-formity with the fair and reasonable construction of the con-tract. The complainant was to pay the full appraised value of the lots, upon which the defendant was to reconvey to her. Certainly it was not intended that such payment should be made and the conveyance executed, and yet the company re-tain an interest in or lien upon the property. The parties are presumed to have entered into the contract with a view to the then condition of the property, and all existing liens and claims in favor of the company against it, and had they in-tended appellee to pay, in addition to the $10,000, such claims, they would certainly have so stated in the agreement.

It appears that prior to September 10, 1884, the United States had seized the property for certain revenue taxes due from a firm then occupying it as a distillery, Mrs. Kirchoff, the owner of the property, being in no way connected with that firm. The property was sold, the government bidding it in and taking a deed for it. On the date named, by a com-. missioner of internal revenue, the government conveyed to appellant, and the latter now attempts to set up that title against appellee in this suit. It paid the government $500 for the title or interest it got by the commissioner's deed, and in the account stated, appellee was required to repay it that amount, with interest. We think it clear, upon the authority of *Mansfield* v. *Excelsior Refining Co.* 135 U. S. 326, cited in the argument of counsel for appellee, the United States took no title by its deed, as against Mrs. Kirchoff. Therefore, by its conveyance to appellant, the latter, at most, took only the lien for delinquent taxes, and being fully indemnified for the money

expended in obtaining such lien, complete justice has been done it. But if it were otherwise, appellant can not set up any right under its deed from the government, because those rights were acquired long prior to the rendering of the first decree in the circuit court, and, consequently, to the submission of the case in this court upon the prior appeal. Nothing is better settled than that where a cause has been reviewed by this court, and remanded with directions as to the decree to be entered, a party, on a subsequent appeal, can not assign for error any cause that accrued or existed prior to the judgment of this court. All errors not assigned will be considered as waived, and can not afterwards be urged. *Hook* v. *Richeson et al.* 115 Ill. 431; *Village of Brooklyn* v. *Orthwein,* 140 id. 620, and cases cited.

There is no error in this record, so far as we have been able to discover, and the judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*