# UNION MUTUAL LIFE INSURANCE COMPANY *v.* KIRCHOFF.

ERROR TO THE SUPREME COURT OF THE STATE OF ILLINOIS.

No. 155.   Argued December 16, 17, 1897. — Decided January 10, 1898.

The defendant in error filed a bill against the plaintiff in error in a state court in Illinois to compel the performance of a contract to convey to her land in that State. The case proceeded to judgment in plaintiff's favor in the Supreme Court of the State, but was remanded with directions to take an account for the purpose of ascertaining for how much payment should be directed. A writ of error, sued out from this court to review that judgment was dismissed here on the ground that the judgment was not final. It does not appear that any right or title had been specially set up or claimed under any statute of, or authority exercised under, the United States in the courts below, or in the Supreme Court of Illinois, prior to such judgment of that Court. It appeared on the second hearing that prior to September 10, 1884, the United States had seized the property for revenue taxes due from a firm then occupying it as a distillery, the defendant in error being in no way connected with the firm, that the property was sold, the Government bidding it in and taking a deed for it, and that the Government conveyed to the plaintiff in error. In the account stated the defendant in error was required to repay the amount so paid with interest. It also appeared that the plaintiff in error, after the case went back, moved to amend its answer by setting up that title, as a right and title acquired and claimed under the Constitution, statutes and authority of the United States, which motion was refused, and the trial court disposed of the case on other grounds. In the Appellate Court and in the Supreme Court the plaintiff in error contended that there was error in refusing its motion; but the Appellate Court held, and

its decision was sustained by the Supreme Court, that it was bound by the first decision, and that error could not be assigned, on the second appeal, for any cause existing at the time of the prior judgment. In this court it was contended that, at the second trial it appeared that plaintiff in error claimed to hold an absolute title to the lots in question by virtue of the foreclosure proceedings and of the master's deed obtained thereunder, and hence that the title was claimed under an authority exercised under the United States; that a Federal question was thereby raised on the record; that the decision of the case necessarily involved passing on the claim of title; that the opinion of the Supreme Court of Illinois showed that it was passed upon; and that the necessary effect of the decree and judgment of the state court was against the right and title of defendant sufficiently claimed under Federal authority. *Held,* that the point thus raised was certainly embraced by the first judgment, and that this court cannot revise the second judgment on the ground that the plaintiff in error was thereby denied any right, properly claimed, in apt time, in accordance with Rev. Stat. § 709.

*Oxley Stave Company* v. *Butler County,* 166 U. S. 648, cited, quoted from and approved to the point that the words "specially set up or claimed," in Rev. Stat. § 709, imply that if a party in a suit in a state court intends to invoke for the protection of his rights the Constitution of the United States, or some treaty, statute, commission or authority of the United States, he must so declare; and unless he does so declare "specially," that is, unmistakably, this court is without authority to reëxamine the final judgment of the state court.

THIS was a bill filed by Elizabeth Kirchoff in the Circuit Court of Cook County, Illinois, against the Union Mutual Life Insurance Company, to compel a conveyance of two certain lots in accordance with an agreement between the company and herself on payment of the amount due thereunder as provided for. The Circuit Court dismissed the bill on hearing, and the cause, after an ineffectual appeal directly to the state Supreme Court, 128 Illinois, 199, was carried to the Appellate Court, which reversed the decree of the Circuit Court, and remanded the cause with directions that an account be taken, and that, when the amount due the company was ascertained, a decree be entered that on payment of such amount, with interest, the company should convey to Mrs. Kirchoff. 33 Ill. App. 607. From this judgment the Insurance Company prosecuted an appeal to the Supreme Court, and the judgment was affirmed. 133 Illinois, 368. To review this judgment a writ of error was sued out from this court, but was dismissed

on the ground that the judgment of the Supreme Court was not final. 160 U. S. 374.

The case had, in the meantime, gone back to the Circuit Court, an accounting had been had, and a decree had been entered settling the accounts between the parties, and ordering the Insurance Company to convey the property in question on payment of the amount found due. From this decree the Insurance Company appealed to the Appellate Court; the decree of the Circuit Court was affirmed, 51 Ill. App. 67; and this second judgment of the Appellate Court was affirmed by the Supreme Court. 149 Illinois, 536. To review the latter judgment the Insurance Company prosecuted this writ of error.

The facts as found by the state courts were substantially these: In May, 1871, the Union Mutual Life Insurance Company loaned $60,000 to Elizabeth Kirchoff, her husband, Julius Kirchoff, and her mother, Angela Diversey, upon their judgment note, secured by trust deed, conveying many parcels of land belonging to them in severalty, among which were the lots in question, which lots belonged to Elizabeth Kirchoff. Default having been made in the payment of interest and taxes, judgment was taken against Mrs. Diversey, and later a bill was filed by the Insurance Company in the Circuit Court of the United States to foreclose the trust deed. The bill in addition sought to cure a misdescription of the property belonging to Mrs. Diversey, who filed an answer denying the right of the company to correct the misdescription, and averring that the note and mortgage were procured from her by misrepresentation. While this bill was pending an agreement was reached by the parties, pursuant to which the company released to Mrs. Diversey its claim upon forty acres of the land belonging to her, and she executed to them a warranty deed for the remainder, while Mrs. Kirchoff and her husband executed a quitclaim deed of all the property belonging to them and included in the trust deed, it being agreed as part of the transaction that Mrs. Kirchoff might purchase from the company the two lots above named for $10,000, one thousand dollars in cash and nine thousand dollars in annual payments, for which Mrs. Kirchoff was to execute her notes, extending

over a period of nine years, bearing interest at six per cent, and secured by mortgage upon the two lots. But as there was an intervening claim on one of the lots growing out of a sheriff's deed in pursuance of a sale on a judgment against Mrs. Kirchoff, rendered subsequently to the original trust deed but prior to the deed from Kirchoff and wife to the company, it was agreed that the foreclosure proceedings should continue to be prosecuted; that as soon as the company got a deed from the master it would convey to Mrs. Kirchoff and take the mortgage from her, and the company would thus obtain and convey clear title, and the mortgage back would be a first lien.

No defence was made to the foreclosure; the case went to decree and sale; and a master's deed was issued to the Insurance Company.

During the prosecution of the foreclosure proceedings a receiver had been appointed of all the property, and about nine months after the confirmation of the report of sale the receiver filed a petition, stating that Julius Kirchoff was in possession of the premises and refused to pay rent therefor, and asking for a writ of assistance to put the receiver in possession, to which Julius Kirchoff filed an answer setting up the agreement and objecting to the issue of the writ lest his rights be prejudiced; but the writ was nevertheless issued.

It appeared on the second hearing that prior to September 10, 1884, the United States had seized the property for certain revenue taxes due from a firm then occupying it as a distillery, Mrs. Kirchoff being in no way connected with the firm; that the property was sold, the Government bidding it in and taking a deed for it; and that the Government conveyed to the Insurance Company. In the account stated Mrs. Kirchoff was required to repay the amount the Insurance Company paid the Government, with interest.

The Supreme Court of Illinois held, on the second appeal, on the authority of *Mansfield* v. *Excelsior Refining Co.*, 135 U. S. 326, that the United States took no title by its deed as against Mrs. Kirchoff; and, further, that the Insurance Company could not set up any right under the deed from the

Government, because of its acquisition long prior to the submission of the case upon the first appeal. No question was raised in this court in respect of this transaction.

*Mr. Parmalee Prentice* for plaintiff in error. *Mr. Frank L. Wean* and *Mr. Josiah H. Drummond* were on his brief.

*Mr. William S. Harbert* for defendant in error. *Mr. George R. Daley* and *Mr. Ira W. Buell* were on his brief.

Mr. Chief Justice Fuller, after making the foregoing statement, delivered the opinion of the court.

When this case was before us on the prior writ of error we were obliged to dismiss the writ because the judgment sought to be reviewed was not final. *Union Mut. Life Ins. Co.* v. *Kirchoff*, 160 U. S. 374. And the question whether, had this been otherwise, the jurisdiction could have been maintained, was necessarily not considered. That inquiry, however, now meets us on the threshold, as in order to invoke our jurisdiction on the ground of the denial of a title or right claimed under the Constitution, or any treaty or statute of, or commission held or authority exercised under, the United States, such title or right must be specially set up or claimed at the proper time and in the proper way.

The judgment of the Supreme Court of Illinois, when the case was first before it, 133 Illinois, 368, established the agreement between Mrs. Kirchoff and the Insurance Company as claimed by her, and determined that she was entitled to the relief she sought by reason thereof, and the cause was remanded for the purposes of an accounting merely. And although the fact that the case was sent back for further proceedings deprived the judgment of that finality deemed essential to the issue of a writ of error from this court, yet it does not follow that the prior determination on the merits can be overhauled on the ground of the existence of a Federal question which was not raised when that determination was arrived at.

As observed by the Supreme Court when the case was a second time before that tribunal, 149 Illinois, 536, 542: "Nothing is better settled than that where a cause has been reviewed by this court, and remanded with directions as to the decree to be entered, a party, on a subsequent appeal, cannot assign for error any cause that accrued or existed prior to the judgment of this court. All errors not assigned will be considered as waived, and cannot afterwards be urged. *Hook* v. *Richeson*, 115 Illinois, 431; *Village of Brooklyn* v. *Orthwein*, 140 Illinois, 620, and cases cited."

The record does not disclose that any right or title was specially set up or claimed under any statute of, or authority exercised under, the United States in the courts below or in the Supreme Court of Illinois prior to the decision of the latter court on the first appeal.

The original bill after setting up the agreement to the effect, among other things, that the title was to be perfected in the company by the foreclosure proceedings, as well as by complainant's deed of release and quitclaim, prayed that the company might be compelled to specifically perform the agreement and convey the lots to her on performance on her part. To this defendant filed a demurrer, assigning as cause, that the bill did not show a contract enforceable either at law or in equity. The demurrer was overruled and defendant answered, denying the averments of the bill, pleading the statute of frauds, and asking "the same right by its answer as if it had pleaded or demurred to said bill of complaint." The bill was subsequently amended, and prayed that complainant might be allowed "to redeem said premises according to the terms of said agreement; that said defendant may be compelled by the decree of this court to perform the said agreement with your oratrix and convey to her the said two lots of lands hereinbefore specifically described, according to the terms thereof, as before stated; " and for an accounting.

When from the judgment of the Appellate Court reversing the Circuit Court and directing the entry of a decree in complainant's favor on payment of the amount due from

her to the company as ascertained on an accounting, the first appeal was taken to the Supreme Court, the errors there assigned nowhere in terms raised a Federal question. And, in affirming the judgment of the Appellate Court, the Supreme Court did not consider or discuss any Federal question as such in its opinion. The Supreme Court held that the agreement was fully made out, and that complainant was entitled to a conveyance of the lots ; that it was not material whether the agreement was called an agreement to redeem or an agreement of repurchase, " as the form of the transaction, in a court of equity, is not to be regarded;" that the bill need not be treated as strictly a bill for specific performance, but it was enough that complainant was entitled to have her property restored to her upon discharging the burden upon it fixed in amount by the agreement.

The Supreme Court of Illinois further said : " It is also claimed that complainant's failure to assert the alleged agreement in the foreclosure proceedings is a bar to its assertion here — that the proceedings in the foreclosure are conclusive. We are unable to concur in this position. It was part of the arrangement under which the complainant was to obtain the two lots in controversy, that a decree of foreclosure should be entered, and that the premises should be sold under such decree. The decree was rendered and the sale made by consent, for the purpose of clearing the different tracts of land mentioned in the quitclaim deed, from certain incumbrances. The decree was not adverse to the interest of complainant, but in harmony with her interest. She is not attacking the decree, but claiming the enforcement of an agreement under which it was rendered, and in our judgment there is no ground for holding that the rights of plaintiff were cut off or in any manner impaired by the decree."

It is now contended that it then appeared that defendant claimed to hold an absolute title to the lots in question by virtue of the foreclosure proceedings and of the master's deed obtained thereunder, and hence that the title was claimed under an authority exercised under the United States; that a Federal question was thereby raised on the record; that the

decision of the case necessarily involved passing on the claim
of title; that the opinion of the Supreme Court of Illinois
showed that it was passed upon; and that the necessary
effect of the decree and judgment of the state court was
against the right and title of defendant sufficiently claimed
under Federal authority. But we cannot accept this con-
clusion.

. In the recent case of *Oxley Stave Company* v. *Butler County*,
166 U. S. 648, 654, this court, speaking by Mr. Justice Harlan,
said:

"The only remaining question was not otherwise raised
than by the general allegation that the decree was rendered
against dead persons as well as in the absence of necessary
parties who had no notice of the suit, and therefore no op-
portunity to be heard in vindication of their rights. Do such
general allegations meet the statutory requirement that the
final judgment of a state court may be reëxamined here if
it denies some title, right, privilege or immunity 'specially
set up or claimed' under the Constitution or authority of
the United States? We think not. The specific contention
now is that the decree of the Butler County Circuit Court in
the suit instituted by the county of Butler was not consistent
with the due process of law required by the Fourteenth
Amendment of the Constitution of the United States. But
can it be said that the plaintiffs *specially* set up or claimed
the protection of that Amendment against the operation of
that decree by simply averring — without referring to the
Constitution or even adopting its phraseology — that the de-
cree was passed against deceased persons as well as in the
absence of necessary or indispensable parties?

"This question must receive a negative answer, if due effect
be given to the words 'specially set up or claimed' in section
709 of the Revised Statutes. These words were in the twenty-
fifth section of the Judiciary Act of 1789 (1 Stat. 85), and were
inserted in order that the revisory power of this court should
not extend to rights denied by the final judgment of the
highest court of a State, unless the party claiming such rights
plainly and distinctly indicated, before the state court dis-

posed of the case, that they were claimed under the Constitution, treaties or statutes of the United States. The words 'specially set up or claimed' imply that if a party intends to invoke for the protection of his rights the Constitution of the United States or some treaty, statute, commission or authority of the United States, he must so declare; and unless he does so declare 'specially,' that is, unmistakably, this court is without authority to reëxamine the final judgment of the state court. This statutory requirement is not met if such declaration is so general in its character that the purpose of the party to assert a Federal right is left to mere inference. It is the settled doctrine of this court that the jurisdiction of the Circuit Courts of the United States must appear affirmatively from the record, and that it is not sufficient that it may be inferred argumentatively from the facts stated. Hence, the averment that a party resides in a particular State does not import that he is a citizen of that State. *Brown* v. *Keene*, 8 Pet. 112, 115; *Robertson* v. *Cease*, 97 U. S. 646, 649. Upon like grounds the jurisdiction of this court to reëxamine the final judgment of a state court cannot arise from mere inference, but only from averments so distinct and positive as to place it beyond question that the party bringing a case here from such court intended to assert a Federal right."

Tested by this rule it is quite apparent that defendant did not specially set up or claim a Federal right or title within the meaning of section 709, and that no right or title so claimed was denied by the Supreme Court on the first appeal.

And as the judgment of that court determined the rights of the parties and left open only the amount due on the accounting, the suggestion of the disposition of a Federal question by that judgment comes too late.

After the case went back to the Circuit Court for the entry of decree in favor of Mrs. Kirchoff and the accounting, defendant moved for leave to amend its answer by inserting the following:

"And the said defendant, further answering, says that by reason and in virtue of the said foreclosure decrees in the said

United States court, the sale thereunder, the confirmation thereof, and all the acts and doings of said court therein, the said Union Mutual Life Insurance Company acquired a title and right to the lands aforesaid; that said right and title was acquired and is claimed under the Constitution, statutes and authority of the United States; that a decree for redemption or specific performance of the contract alleged in said bill would be against the right and title of said company thus acquired and hereby claimed under the Constitution, laws and authority of the United States; that a decree for redemption or specific performance, as prayed for in said bill, or either of them, would fail to give full faith, credit and effect to the said decrees, orders and acts of the United States Circuit Court in the foreclosure proceedings aforesaid; that a decree for redemption or specific performance, as prayed for, or either of them, cannot be entered without attacking and pretending to nullify or impair the said decrees, orders and acts of the said United States Circuit Court, and that, for the foregoing reasons, this court is without jurisdiction of the subject-matter of the action set forth in the bill of complaint and is without jurisdiction to enter a decree for redemption or specific performance, as prayed for in said bill of complaint."

But the Circuit Court refused to allow the amendment.

There was no contention that any Federal question arose on the accounting itself. The case having reached the Appellate Court the second time, the Insurance Company assigned, among other errors, that the Circuit Court erred "in that it did not dismiss complainant's bill for want of jurisdiction;" "in not holding that it was without jurisdiction to enter a decree allowing redemption;" "in entering a decree which would in effect nullify the decree and doings of the Circuit Court of the United States for the Northern District of Illinois;" "in entering a decree in conflict with the decree of the United States Circuit Court;" "in refusing to the defendant leave to file the proposed amendment to its answer;" "in entering a decree against the validity of titles claimed by defendant under the authority of the United States."

It will be perceived that, so far as Federal questions were

thus attempted to be raised, they were all covered by the prior judgment.

The Appellate Court on the second appeal held itself bound by the previous decision and declined to enter on matters of defence which might have been availed of. The Supreme Court was of the same opinion, for it ruled that where a case had once been reviewed by the court, and remanded, with directions as to the decree to be entered, error could not be assigned on a subsequent appeal for any cause existing at the time of the prior judgment. Nevertheless the Supreme Court said:

"Much of the argument of counsel for appellant is devoted to an effort to show a want of jurisdiction in the Circuit Court of Cook County over the subject-matter of this litigation. Whether, upon this second appeal, that is an open question we do not deem it important to determine, being clearly of the opinion that the position of counsel is untenable. It is said the suit is brought to review and set aside a decree of the United States Circuit Court, and the bill is treated, throughout the discussion, as hostile to the foreclosure proceeding in that court, or as attempting to obtain relief properly available in that action.

"This is a misapprehension of the scope and purpose of complainant's bill. In our former opinion we said: 'After the settlement had been concluded, it turned out that certain incumbrances existed against some of the property, which were subsequent to the trust deed, but which would take priority to the quitclaim deed executed by complainant and her husband. It therefore became necessary, in order to obtain a perfect title, to go on with the foreclosure proceedings, which was done.' This statement is based upon an allegation of the bill to the effect that, it being represented to the complainant by the attorney of the company that it would be necessary to foreclose the trust deed in order to make good the title in the company to the lots before they could take a mortgage thereon for the instalments of redemption money, it was agreed between the parties that the agreement for redemption should not be executed until after the title had been perfected

in the company by foreclosure, but in the meantime complainant should execute and deliver to the company her quitclaim deed, and should interpose no defence to such foreclosure. The allegation was found, in the opinion above referred to, sustained by proofs, and is conclusive of that fact upon this appeal. The foreclosure decree in this Federal court was therefore as much the result of the agreement relied upon by complainant as was the making of the quitclaim deed by her. So far from this being an attempt to review, modify or set aside the decree of the United States Circuit Court, the right of action is predicated, in part at least, upon it.

"Whether the bill be called a bill to redeem, or given another name, can in no way affect the question of jurisdiction in the state court. The relief sought is the enforcement of a contract to reconvey the property in question, which we have already held the complainant entitled to. Her rights grow out of the alleged contract, and not by reason of anything that was done, or could have been done, in the Federal court in the foreclosure suit.

"That a court of equity has jurisdiction to enforce the contract, whether it be called a contract to redeem or to reconvey, is, we think, too clear for argument."

The Supreme Court did not decide that the case was reopened as to matters previously adjudicated, and we cannot regard these observations as amounting to such disposition, on a second appeal, of Federal questions which might have been, but were not, raised on the first appeal, as would justify us in taking jurisdiction.

It was further argued at this bar that the agreement was fraudulent and illegal as respected the foreclosure decree; and that the decree of the state court upholding an agreement thus tainted, ascribed to that decree an operation which would not have been permitted in the courts of the United States, and in that view involved a review thereof or a refusal to give it its due effect.

We do not find that the state courts were asked to pass on any such question. If it was really contended before them that the agreement was invalid on the ground that it provided

that the United States court should.go to decree and sale in order to cut off intervening liens, it may be conceded that those courts held, on the facts appearing, that the agreement was not open to that objection, but it would not follow that thereby a Federal question was disposed of. And the point was certainly embraced by the first judgment.

We are of opinion that we cannot revise the present judgment on the ground that plaintiff in error was thereby denied any right properly claimed, and in apt time, in accordance with § 709 of the Revised Statutes.

*Writ of error dismissed.*