## Case No. 3,669.

### DAWSON v. DANIEL.

[2 Flip. 305; 8 Cent. Law J. 185; 11 Chi. Leg. News. 200; 7 Reporter, 457; 4 Cin. Law Bul. 136.] [1]

Circuit Court, W. D. Tennessee. Nov. Term, 1878.

EXECUTION—WATCHMAN—WHAT CONSTITUTES ABANDONMENT.

1. Execution is not void because it issues prematurely. If issued while motion for a new trial stands adjourned, the irregularity is cured as soon as such motion is denied, and this is especially so where the order of adjournment provided that the same was granted, without prejudice to plaintiff.

2. Semble, that the proper practice to prevent the issuance of an execution, where motion for

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission. 7 Reporter, 457, contains only a partial report.]

. a new trial is not disposed of, is to ask and obtain stay of execution.

3. Watchman: His withdrawal by levying officer no abandonment of levy. His presence not necessary to hold title.

[Followed in Steers v. Daniel, 4 Fed. 594. Cited in Freeman v. Dawson, 110 U. S. 267, 4 Sup. Ct. 94.]

4. To constitute an abandonment of a right secured, there must be a clear, unequivocal and decisive act of the party; an act done, which shows a determination in the individual not to have a benefit which is designed for him.

Humes & Poston, for plaintiff.

Geo. Gantt, Mr. Patterson, and Wm. S. Flippin, for defendant.

L. D. McKissick and Mr. Turley, for bank.

HAMMOND, District Judge. The plaintiff recovered judgment by default, against the defendant, on the 6th day of June, 1878, for $2,610.69 and costs. At the same term, and on the 13th day of June, 1878, the defendant moved to set the judgment aside, and for leave to plead; whereupon the court made the following order: "In this cause the application of defendant to vacate the judgment rendered herein at the present term of this court, is continued to the next term of the court without prejudice to either party."

After the adjournment of the term, and on the 5th day of July, 1878, execution issued on this judgment, which, coming into the hands of the marshal, was, by him, on the 9th day of July, 1878, levied on certain leasehold property belonging to the defendant, and it was advertised for sale. The marshal indorsed his levy on the writ at the time he made it, but, on the 17th day of August, 1878, returned it into court, with the following indorsement annexed to that on the levy. "And on the 17th of August, 1878, in obedience to an order of court, issued by Hon. John Baxter, I return this writ without further proceedings thereunder."

The plaintiff now moves for a venditioni exponas to compel a sale of the property. The defendant resists the motion on two grounds: First, that the execution prematurely issued, and is void; and secondly, that the levy has been abandoned by the marshal. It appears by the affidavits filed, that the marshal, when he made the levy, placed a watchman in charge of the property, and when he returned the writ, he withdrew him, and left the property as it was before.

The letter of the circuit judge to the clerk of the court, dated Knoxville, August 5, 1878, and his letter of the same date to Messrs. Gantt & Patterson, attorneys for defendant, transmitting the letter to the clerk to them, are offered in evidence by defendant, in opposition to the motion, and are relied upon, together with the recalling the execution, and as evidence of an abandonment by the marshal of the levy, and also as evidence of an adjudication by the circuit judge of the questions involved in the motion.

If I supposed the action of the circuit judge was intended to be a decision of the rights of the parties, I should certainly enforce it by my judgment on this motion, whatever my own opinion might be. But it is apparent that it was not so intended, and could not have been. It does not purport to be an adjudication at all; certainly not upon the right of property as affected by the levy, but only a letter of advice to the clerk. He says to the clerk: "My suggestion is that you issue a paper to the marshal, reciting the fact that the executions were issued without authority, and request him to return the same unexecuted." In the letter to the attorneys, after suggesting to them that the application made to him is informal and unknown to the practice of the court, he expresses the opinion that the executions issued prematurely and should be recalled, and that the clerk and marshal may possibly be liable for any action they have taken; but it seems to me he carefully avoids doing anything more than to suggest to those officers that under the circumstances, they should proceed no further. By no possible construction can this be construed into an adjudication that because the execution was prematurely issued the levy was void, nor could he have intended that the clerk and marshal should personally have assumed the responsibility of an abandonment of the levy. It is not even an adjudication that the execution was prematurely issued, but simply a suggestion of a mode by which this and all other questions involved might be adjourned into the court for its determination, when all parties should be present; and he distinctly declines to determine the question as an ex parte application, such as was made to him.

At this present term of the court, the motion of the defendant to vacate the judgment was heard and overruled [Case No. 3,668], and now the question is whether or not a venditioni exponas shall issue.

It may be assumed that the execution did issue prematurely, but unless that fact rendered it void, the levy is good. Did it have that effect? In the case of Hapgood v. Goddard, 26 Vt. 401, it is said by the court that "ordinarily courts of law refuse to set aside executions when that, and that only has been done which is required to be done now, although done prematurely."

In the case of Stephens v. Brown, 56 Mo 28, cited by defendant's counsel, and in Freem. Ex'ns, §§ 24, 25, on the point that it is error to issue execution before a motion for a new trial is determined, we find a precedent for this case. The defendant in that case filed a motion for a new trial, which was continued under advisement till the next term, and in the meantime execution issued, and the plaintiff was put in possession of the land. At the next term the motion for a new trial was overruled. He filed a motion to quash the execution, because prematurely issued, and that was overruled. The defendant appealed, and the supreme court of Mis-

souri say: "It was erroneous to issue an execution before the motion for a new trial had been disposed of, but as the case resulted in favor of the plaintiff, this error caused no injury to the defendant." And the judgment refusing to quash the execution was affirmed.

In Mollison v. Eaton, 15 Minn. 426 [Gil. 383], it was held a harmless irregularity to issue execution before the judgment was docketed, although a statute positively required a judgment to be docketed in another county before execution could issue. It was not such an irregularity as made the judgment void, and the levy was allowed to prevail over a warrant of seizure from the bankrupt court.

It may well be doubted whether the plaintiff did not have the right to issue this execution at the time he did. It was ruled in the order of continuance itself that it was not to operate to his prejudice. I have been unable to find the question decided in Tennessee. I do find elsewhere that the rule is that, unless the order of continuance directs a stay of execution, the plaintiff may issue the execution immediately at the risk of having it rendered a nullity by the decision of the motion for a new trial in favor of the defendant. Erie R. Co. v. Ackerson, 33 N. J. Law, 33. But I do not decide this here, as it is unnecessary to the determination of the rights of the parties. The levy was not void because the execution issued prematurely, and now that the motion for a new trial has been overruled, the plaintiff should not, because of a mere irregularity, be deprived of the fruits of his diligence. Nor do I think the levy was abandoned by the marshal. He only stopped at the point to which the proceedings had progressed, when it was arrested by the letter to the clerk. The service of a watchman was not necessary to his title, and his withdrawal was unimportant. The supreme court of Tennessee, in the case of Breedlove v. Stump, 3 Yerg. 257-276, has declared the rule for all cases where abandonment of a right is relied on thus: "To constitute an abandonment of a right secured, there must be a clear, unequivocal and decisive act of the party; an act done which shows a determination in the individual not to have a benefit which is designed for him."

The question is argued by counsel on both sides whether this is real or personal property, on the assumption that unless it is real property, a venditioni exponas cannot issue. The writ is used to compel a sale of personalty levied on, as well as a sale of realty. It is true that the sheriff may, in case of a levy on personalty, go on and sell after the return of the fieri facias without a venditioni exponas, while in case of a levy on realty he cannot; but in either case it is proper to issue a venditioni exponas whenever it becomes necessary to enforce a sale. Campbell v. Cobb, 2 Sneed, 18; Overton v. Perkins, Mart. & Y. 375, 10 Yerg. 328; Thompson v. Phillips [Case No. 13, 974]; Tidd, Pr. 1020; Freem. Ex'ns, §§ 57, 58.

It is therefore unnecessary that I should decide the question argued as to whether the leasehold is real or personal property. Motion granted.

NOTE. There were two judgments involving the same facts.