TOWNSEND et al. v. MICHIGAN CENT. R. CO. et al.

(Circuit Court of Appeals, Sixth Circuit. May 8, 1900.)

No. 781.

1. RAILROADS—RIGHT OF WAY—ABANDONMENT.
    The abandonment by a railroad company of a right of way acquired by deed is a question of intent, and, while such intent may be found as a fact from long nonuse, the nonuser itself does not constitute abandonment, nor operate to defeat or impair the right to the easement.

2. SAME—RIGHT OF CROSSING—MICHIGAN STATUTES.
    The consent of the crossing board created by the laws of Michigan to the crossing by one railroad of a right of way previously acquired by deed, and owned by another company, confers no right upon the crossing company to make such crossing, without either an agreement with the other company, or the acquiring of right of way over its property by condemnation proceedings. The company owning the prior right of way has property rights therein which are protected by the constitution of the state, and of which it cannot be deprived without just compensation.

3 SAME.
    The receivers of a railroad filed a bill in equity for an injunction restraining another railroad company from constructing a spur track upon a right of way to which it was admitted the defendant had obtained a deed some four years before, but which it was alleged it had never used. Complainants alleged that they had been authorized by the state crossing

board to construct a track across such right of way, and desired to construct the same on a different grade from that on which defendant was about to build its track, but did not allege that they had obtained the consent of defendant to such crossing, or had taken any steps to acquire the right by condemnation. *Held*, that the bill stated no grounds for the relief prayed for.

Appeal from the Circuit Court of the United States for the Eastern District of Michigan.

John C. Donnelly, for appellants.

Ashley Pond, for appellees.

Before LURTON and DAY, Circuit Judges, and CLARK, District Judge.

DAY, Circuit Judge. A petition was filed in the court below by the receivers of the Detroit & Lima Northern Railway Company against the Michigan Central Railroad Company and the Toledo, Canada Southern & Detroit Railway Company, seeking to enjoin the Michigan Central Railroad Company from extending its track along a certain right of way deeded to the Toledo, Canada Southern & Detroit Railway Company, and by it leased to the Michigan Central Railroad Company. The court below, upon the filing of the petition, granted a restraining order, but upon final hearing dissolved the same, and denied the prayer of the petition. To reverse this decree of the court below appeal has been taken to this court. The petition sets out that the receivers, in performance of their duties, are engaged in the construction of a spur track from the main line of the Detroit & Lima Northern Railway Company into the manufacturing plant of the Tecumseh Salt Company, in the township of Ecorse, Wayne county, Mich.; that the proposed spur track crosses a heretofore unused right of way of the Michigan Central Railroad Company. It is averred that said company has owned said right of way for a number of years, having acquired the same in connection with the construction of a spur track from their main line to the Tecumseh Salt Company's plant, but before reaching the point of intersection with the proposed spur track the track of the Michigan Central Railroad Company turns into the grounds of the salt company, leaving a portion of said right of way unoccupied. The petition also avers that the receivers have obtained from the crossing board of the state the right to cross said right of way; that in the construction of said spur track it became necessary to throw up an embankment about two feet high; that since the construction of said embankment, without consulting said petitioners or the engineers in charge of said work, the Michigan Central Railroad Company has commenced the laying of a track along the unused right of way, which, if continued upon the grade and in the direction in which it is being constructed, will intercept the spur track of petitioners at a grade two feet lower than the spur being constructed by them. The unused right of way, it is alleged, does not extend any further than the western side of the right of way of petitioners, and it is averred that it cannot be used for any practical purpose, in the opinion of the petitioners, especially at the point where the same intersects the spur being constructed by the petitioners. A plat is attached to the petition, copy of which is herewith given:

PROPOSED ENTRANCE OF D. & L.N. RY.
TO THE
TECUMSEH SALT CO.
NEAR
DELRAY, MICH.

We, the undersigned, being a majority of the directors of the Detroit & Lima Northern Railway Company, do hereby certify that this map is a true and correct map of the route adopted by the said company in the construction of a spur track from its main line at or the point marked "A" to and into the grounds of the Tecumseh Salt Company at the point marked "B," and that the point marked "C" is the point selected by the said company for crossing the right of way of the Toledo, Canada Southern & Detroit Railway Company for a spur, on which said last-named company has not as yet constructed its spur track.

Dated July 7, 1898.

C. A. Haskell.
J. R. Cegone,
J. B. Townsend,
J. S. Bache,
E. L. Oppenheim,
E. S. Thomas, } Directors.

I hereby certify that to the best of my knowledge and belief this is a correct map of the route and line of main track and proposed spur of the Detroit & Lima Northern Railway Company, as surveyed through a portion of Wayne county, state of Michigan, and that the scale of said map is 100 feet per inch.

C. H. Roser,
Ch'f Eng'r, D. & L. N. Ry.

This map shows in the red line [1] the proposed spur about to be constructed by the receivers; also the right of way of the Michigan Central Railroad Company, and the proposed crossing thereof, and intersection of the proposed spur with the tracks of the salt company, which are already connected by a spur with the track of the Michigan Central Railroad Company. The proposed crossing of the spur track over the right of way of the defendant companies is shown at CC. It is averred that the unused portion of the right of way is about 600 feet in length. The answer of the railroad company sets up that the Toledo, Canada Southern & Detroit Railway Company acquired the strip of land in question as a right of way for a spur track, and that it still contemplates the construction of said spur track; that the Michigan Central Railroad Company is the lessee of said Toledo, Canada Southern & Detroit Railway Company, and that neither the complainant nor its receivers or others have acquired the right to cross this strip of land; that said crossing board, mentioned in the petition, has no authority or jurisdiction to grant the right to cross said land, but that such right can only be acquired in the manner specified in the constitution of the state and the statutes thereof; that the allowance of the injunction as prayed for would be in violation of the fourteenth amendment of the constitution of the United States and the constitution of the state of Michigan.

Examination of the petition will show that the relief sought was based upon several grounds. We will examine the same in the order set forth. The petition admits that the right of way is owned by defendant railway companies, but avers that this right of way is unoccupied. It is a familiar principle of law that the mere failure to occupy a right of way, without other circumstances to show abandonment or failure of the purpose for which the way is granted, will not operate to devest the title of the owner thereof. It is next averred that the crossing board of the state has granted the right to the receivers to cross this right of way. An examination of the Michigan statutes shows that while such board has the authority to determine the place where, and the manner in which, a railroad crossing shall be constructed, it still requires the interested companies to agree upon the terms upon which the crossing shall be made. Failing an agreement, the crossing company may acquire the right to make the same by condemnation in the same manner as prescribed by the act for obtaining title to real estate or other property. Comp. Laws Mich. 1897, §§ 6232, 6261. It is not averred in this petition that there has been an agreement with the owner of this right of way or any proceedings had to appropriate the right of way by the crossing company. It is also averred that the right of way is about to be occupied by the Michigan Central Railroad Company in the laying of a track two feet lower than the grade of the track as contemplated by the receivers, and that the said unused right of way cannot be used for any practical purpose in the opinion of the petitioners. In the latter averment it is sought to bring the case within the rule that, when an easement has become incapable of use for the purpose

---

[1] The red line is indicated on the plat by a heavy dotted line.

granted, there is an end to the easement. The principle here sought to be invoked was under consideration in this court in the case of Southern Ry. Co. v. City of Memphis, 38 C. C. A. 498, 97 Fed. 819, in which it was held that an easement granted for a particular purpose ceases when the particular purpose is or becomes impossible under the grant. The principles upon which this rule is based are fully discussed by Judge Lurton, who gave the opinion. A number of cases are cited, including a case cited by petitioners herein (Hahn v. Baker Lodge, No. 47, 21 Or. 30–34, 27 Pac. 166, 13 L. R. A. 158). We do not perceive that the receivers bring themselves within this rule. No facts are averred tending to show that this unused portion of the right of way is incapable of use for the purpose granted. Looking to the testimony, it appears that when this right of way was granted it was insisted by the railway company that it should extend across the premises of the salt company.

It is true that the spur of the Michigan Central Railroad Company, to connect with the track of the salt company, deflects from this right of way at a point said to be about 600 feet from the proposed crossing by the spur about to be built by the receivers. But we discover nothing in the record to show that this right of way is incapable of use for a practical purpose contemplated in the grant, and there is no further averment in the petition to support that allegation than those above quoted.

In the record it appears that the railroad companies hold their rights under a deed dated September 19, 1895, from one Raymond, trustee, to the Toledo, Canada Southern & Detroit Railway Company. The premises described in this deed are conveyed "for a right of way for the construction, maintenance, and operation of a railroad thereon, and for the conduct of business incidental thereto, and for no other purpose: provided, that in case the said grantee, its successors or assigns, shall at any time hereafter permanently abandon the same for such purpose, then this grant shall cease and determine, and said premises shall, without further conveyance, revert to the grantor herein, his heirs or assigns." This deed conveys an easement or right of way for the use and purpose therein stated. As to the abandonment thereof, without reference now to the language in the instrument upon this subject above quoted, there is nothing in the record to show that the mere nonuser after the grant shows an intention to abandon the rights conveyed. "A mere nonuser of an easement of this character, acquired by deed, will not operate to defeat or impair the right." Barlow v. Railroad Co., 29 Iowa, 276. Abandonment is a question of intent. From long nonuse it may be found as a matter of fact. Louisville Trust Co. v. City of Cincinnati, 47 U. S. App. 36, 69, 22 C. C. A. 334, 76 Fed. 296. To constitute abandonment of a right of way there must be a clear, unequivocal, and decisive act of the party showing a determination not to have the benefit intended. Dawson v. Daniel, 2 Flip. 305, Fed. Cas. No. 3,669. The proviso in this instrument is that "in case the said grantee, its successors or assigns, shall at any time hereafter permanently abandon the same for such purpose, then this grant shall cease." There is no proof in this record of any permanent abandonment. Indeed, the

contrary appears in the very allegations of the petition averring that the railroad company is about to use the property for the purpose for which it was granted.

This deed conveyed to the railroad company valuable property rights in this strip. It is not necessary to determine the nature and extent of this property right, or what would be the rule of compensation should the Detroit & Lima Northern Railway Company, or its receivers, seek to appropriate a right to cross the same. If the defendants had valuable property rights which they had neither agreed to part with, nor had lost by appropriation proceedings duly had for that purpose, such rights are within the protection of the constitution of Michigan, which, like the constitutions of other American states, protects private property from being taken for the use or benefit of the public without just compensation. "It is immaterial in what way property was lawfully acquired, whether by labor in the ordinary avocations of life, by gift or descent, or by making profitable use of a franchise granted by the state; it is enough that it has become private property, and it is then protected by the law of the land." Cooley, J., in City of Detroit v. Detroit & Howell Plank-Road Co., 43 Mich. 148, 5 N. W. 275.

When a railroad company acquires by purchase for a consideration lands for a right of way to be used in the exercise of its franchises, unquestionably it is under obligation to use such land for the uses and purposes of its organization, and to carry out such purposes. But it becomes the owner of such way, and, as such, entitled to its possession, and to the protection of the law, as against those who would interfere with the property rights granted to it. As we understand the Michigan cases, the property of one railway may be taken for the construction of another in all cases where the property of an individual might be, but only on making compensation therefor. Grand Rapids, N. & L. S. R. Co. v. Grand Rapids & I. R. Co., 35 Mich. 265; People v. Lake Shore & M. S. Ry. Co., 52 Mich. 277, 17 N. W. 841.

It is further averred that the deed contains a reservation which authorizes the grantor to convey to the receivers the right to construct a crossing over the right of way in question. The language of this reservation is as follows:

"And the grantor herein reserves the right to a crossing of said premises at a convenient point thereon for a private way or public highway or street, of a width not greater than necessary for such purpose, together with the right to enter upon said premises, and construct and maintain thereon a good and safe crossing which shall conform as nearly as practicable to the standard of crossings which shall at that time be constructed by the grantee upon its line and lines of railroad; and such crossing and repairs shall be made only after due notice to, and under the supervision of, and to the satisfaction of, the chief engineer of the Michigan Central Railroad Company."

It is claimed that this reservation is broad enough to include, and under a proper construction should include, the right to construct a railway crossing over said strip. We think that this construction would defeat the manifest purpose of the reservation. It is for a highway or street, the width occupied to be enough for such purpose. This language certainly does not refer to a railroad crossing. On

the contrary, it clearly expresses the purpose of the grantor to have a right to construct either a private way or public highway and place for travel, with enough ground for such purpose. In this connection, and to make the reservation for this purpose effectual, a right is reserved to enter upon the premises, and construct and maintain a crossing. It is true that it is said that this crossing shall conform as near as practicable to the standard of crossings which shall then be constructed by the grantee for its line of railroad, and such crossing to be made only after due notice to, and under the supervision and to the satisfaction of, the chief engineer of the Michigan Central Railroad Company. The purpose of this privilege for a crossing is to make effectual the reservation for the private way or street. Streets and highways undoubtedly do cross the right of way of the grantee railroad company, and it is provided that the crossing shall come up to the standard of other crossings constructed by the grantee upon the line of its railroad, and shall be constructed under the supervision of the chief engineer. The intention to keep this open for highway purposes is shown in the following stipulation that the railway company shall not block the same except in the movement of its cars. Certainly, the parties did not contemplate, in making this instrument, that the reservation of the right to cross this right of way was for the purpose of constructing another railroad. The situation of the parties, as well as the language used, negatives this conclusion. However desirable it may be that the salt company have access to a competing railroad, or that the latter shall reach the business to be obtained in connection with the works of the salt company, it seems clear that the Michigan Central Railroad Company has neither forfeited nor abandoned the right of way in question, and that the attempt to cross the same in the manner indicated in this case would be an invasion of its rights, to which it has not agreed, and which have not been taken from it by appropriation proceedings as required by law. We find no error in the action of the court below in dissolving the restraining order and dismissing the petition. Its judgment is therefore affirmed.