## ATLANTA, K. & N. RY. CO. v. SOUTHERN RY. CO.

### (Circuit Court of Appeals, Sixth Circuit. March 2, 1907.)

### No. 1,588.

1. RAILROADS—RIGHT OF WAY—ABANDONMENT —NATURE AND ELEMENTS—IN-
   TENT.

   A railroad company, which wrongfully obtained and held possession of a right of way for a spur track to reach certain industries which rightfully belonged to another company, is not entitled to retain such possession as against the rightful owner, on the ground of abandonment because of the construction by the latter of a spur track over another route, where it appeared that such construction was necessitated by its inability to obtain possession of the right of way in dispute, and was temporary only, and without any intention to abandon its rights which were in litigation.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Railroads, §§ 213–219.

   Abandonment or forfeiture of right of way, see note to Townsend v. Michigan Cent. R. Co., 42 C. C. A. 576.]

2. REMOVAL OF CAUSES—JURISDICTIONAL AVERMENTS IN PETITION—FAILURE TO
   DENY.

   Averments of fact in a petition for removal, in the absence of some denial by answer or by comparison with the record, must be taken as admitted, and, if sufficient upon their face to justify a removal, all other questions out of the way, will sustain the jurisdiction of the Circuit Court.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, §§ 166, 189, 195.]

Appeal from the Circuit Court of the United States for the Eastern District of Tennessee.

This is a second appeal; the first being from an interlocutory injunction awarded under the cross-bill upon pleadings, affidavits, and counter affidavits. For a full statement of the issues and our conclusions supporting the jurisdiction of the Circuit Court and the injunction awarded the Southern Railway, we refer to the opinion. 131 Fed. 657, 66 C. C. A. 601. Upon a final hearing below, upon the bill of the Atlanta Knoxville & Northern Railway Company, and the cross-bill of the Southern Railway Company, and all of the evidence, the disputed right of way was held to belong to the Southern Railway Company. The bill of the Atlanta, Knoxville & Northern Railway Company was dismissed, and the interlocutory injunction granted the Southern Railway Company under its cross-bill was made final. The Atlanta, Knoxville & Northern Railway Company was required to surrender possession and to desist from all interference with the Southern Railway Company's possession. From this decree the Atlanta, Knoxville & Northern Railway Company has appealed.

J. W. Caldwell, for appellant.
Leon Jourolmon, for appellee.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

LURTON, Circuit Judge, after making the foregoing statement, delivered the opinion of the court.

This is a litigation between two competing railway companies over the question of priority to a right of way desired by each for the purpose of constructing a spur, whereby certain manufacturing plants on the bank of the Tennessee river, at Knoxville, Tenn., might be served. The steps taken by each to obtain that part of the only direct route are fully stated in the opinion of this court, reported 131 Fed. 666, 66 C. C. A. 601. The former hearing was upon the pleadings and exhibits and a volume of affidavits and counter affidavits. We then held that the Southern Railway Company had obtained the prior right over the land of S. B. Luttrell through priority of contract with the owner, and this conclusion was again reached by the court below upon full evidence. The essential facts of the controversy, as presented by this transcript, are so materially identical with those found in the former as not to demand any further restatement of the case or reconsideration of the conclusions we then reached. The first, second, third, and fourth assignments of error, which alone challenge the conclusion of fact as to the priority of right of the Southern Railway Company, are therefore overruled.

The remaining assignments involve questions not necessarily precluded by the fact of the priority of right found in favor of the appellee company. The first of the questions covered by the assignments of error referred to is that the court erred in requiring the Atlanta, Knoxville & Northern Railway Company to deliver possession of the disputed right of way and desist from interfering with the use and occupation of same by that company. The ground upon which error is predicated is that pending this suit, and while the Southern was excluded from the occupation of the right of way in dispute, it had abandoned this route and constructed its spur upon another and different route, and by this alternate route had reached and was serving the manufacturing plants which it originally purposed to reach by the disputed line. Intervening between the main line of the railway of each of the antagonistic companies, and the lands occupied by the industries negotiating with both for the construction of a spur for their private use, lay a body of land abutting on the Tennessee river owned by Mr. S. B. Luttrell. The industries desiring the spur proposed to furnish the company with which it should first agree a right of way across this Luttrell land. The only direct or feasible way was at the foot of a bluff on this land and along the bank of the river. The industries came first to an agreement with the Southern, and procured from Luttrell a deed to this coveted right of way, a way apparently too narrow to be used by both companies. After the Southern had come to an agreement, and after Luttrell had executed a deed to the Southern of the right of way, and while it was in the hands of a representative of the industries, but unregistered, the Atlanta, Knoxville & Northern Railway Company commenced a condemnation proceeding against Luttrell. Upon the strength of this fact and of a preliminary survey, it put a force of men at work upon this Luttrell right of way. Upon the same day, and perhaps, or almost, simultaneously with the action of the Atlanta, Knoxville & Northern Railway Company,

the Southern likewise took possession of part of the same route. At this juncture the present bill was filed in a state chancery court, and an ex parte injunction was allowed excluding the Southern from the disputed route and from interfering with the occupation of the Luttrell right of way by the Atlanta, Knoxville & Northern Railway Company. At a later hour of the same day, a like bill was filed in same court by the Southern Railway Company, and an ex parte injunction obtained stopping the activities of the Atlanta, Knoxville & Northern Railway Company. Some days later the chancellor denied a motion to dissolve the injunction restraining the Southern, but did dissolve the injunction restraining the Atlanta, Knoxville & Northern Railway Company. This action left the Atlanta, Knoxville & Northern Railway Company in possession, and it has since remained in possession, and has constructed a spur track over part of the disputed route under the protection of the interlocutory injunction. The case in which this injunction was allowed was later removed to the Circuit Court of the United States, and at a still later day the injunction dissolved, and an interlocutory injunction awarded the Southern. The decree awarding this was the subject of the first appeal already referred to.

The agreement between the Southern Railway Company and the industries, under which at an expense of several thousand dollars the latter had procured Luttrell to convey to the Southern Railway Company the right of way across his premises, obligated the former to at once construct and operate the proposed switch. When it found itself excluded from this route, it entered into a supplemental agreement, whereby the industries agreed that the railway company might substitute an alternate line. This supplemental agreement recites that it is necessitated by the pending litigation with the Atlanta, Knoxville & Northern Railway Company. The original agreement bore date of June 30, 1903, and this supplemental agreement was made September 1, 1903, and pending this suit. Pursuant to this later arrangement, the Southern Railway Company constructed a spur to certain marble quarries; the spur being about four miles in length. This spur paralleled the route originally projected as far as the location of the contracting industries, but was about 1,000 feet south of that line. From this quarry spur a lateral spur was constructed to reach the industries lying north and on the river. This spur is shown to have been quite inexpedient, as it crossed several traveled streets and roads, and was built in a public street for several hundred feet. The grade was bad, and the spur very expensive to operate, and not so convenient to some of the industries. To obtain the assent of one of the largest of the contracting industries, the appellee agreed to bear certain hauling expenses incident to the substitution of this alternate way "until such time as the Southern may secure control of its original line or arrange to make delivery of logs at the point contemplated in the original contract."

That this "alternate" line, so far as the spur from the quarry line is concerned, was only a temporary expedient resorted to as a consequence of its wrongful exclusion by appellant from the right of way to which it had a deed, is most evident from all the circumstances in the case, including the very significant clause from the supplemental agreement

above quoted. It would be a most remarkable result if an expedient to which the conduct of the appellant has driven the appellee should upon mere evidence of the fact, and without any supplemental bill, be held sufficient evidence of an abandonment of the very right of way in litigation and a sufficient reason for denying the relief which the cross-bill plaintiff is otherwise plainly entitled to. The appellant itself is responsible for the nonuser of this right of way up to this time, and has protected its own wrongful possession by the processes of the court erroneously granted. The mere fact that the appellee has constructed a spur into these industries over a longer and more expensive route does not, under the circumstances, amount to serious evidence of an intent to abandon the more direct way from which it has been excluded. Abandonment of a property right is always a question of intention. As to the character of evidence necessary to support a decree based upon abandonment, see the views of this court as expressed by Judge Day, now Justice Day, in Townsend v. Mich. Central R. R. Co., 101 Fed. 757, 761, 42 C. C. A. 570.

The suggestion is advanced that, to dispossess appellant, will give to appellee the only two routes by which these industries can be reached. There is nothing in this. It may often happen that there is but one feasible approach for a private track to serve a particular interest. Nor does it appear that the Atlanta, Knoxville & Northern may not parallel appellee's quarry line and run a spur from such line into these industries, as it forced appellee to do. Whether the Atlanta, Knoxville & Northern Railway Company may, under Acts Tenn. 1899, p. 920, c. 399, condemn the right to jointly use so much of any track the Southern may construct at the foot of Luttrell bluff, as a line through a gap, gorge, or along a cliff, where no other way is practical, is a question which certainly cannot arise now and upon these pleadings. The Atlanta, Knoxville & Northern Railway Company is wrongfully in possession of a right of way to which the Southern has the prior right, under its contracts with the industries and the conveyance from Luttrell. Being wrongfully in occupation of a right of way owned by the Southern, it must surrender that right of way to its rightful owners. Both of the defenses last considered are based upon matter which has arisen pending the litigation, and no supplemental pleading has been filed upon which issues thus arising might be litigated. Bates Eq. Pl. § 638; Foster Eq. Pr. § 187. As the objection was not made below, nor relied upon here, we have decided the questions upon the merits. Kelsey v. Hobby, 16 Pet. 269, 277, 10 L. Ed. 961; Coburn v. Cedar Valley Land Co., 138 U. S. 196, 222, 11 Sup. Ct. 258, 34 L. Ed. 876.

One other question remains, and that pertains to the jurisdiction of the Circuit Court. It is said now that this case was wrongfully removed from the state court because the Knoxville & Augusta Railroad Company was joined with the Southern Railway Company as a defendant. The Atlanta, Knoxville & Northern Railway Company was a corporation of the state of Georgia; the Southern, a corporation of the state of Virginia. It is now said that the Knoxville & Augusta was a corporation of the state of Tennessee, and that it did not and could not join with the Southern in the petition to remove. This question has never before been mooted, and nothing was said upon this subject in

our former opinion, when the question of jurisdiction was threshed out upon wholly different matters. The reason why this ground for objecting to the jurisdiction was not earlier made seems to be found in the fact that the Knoxville & Augusta Railroad Company is a defunct corporation, whose railroad was long since sold to the Southern Railway Company, and has since been operated by the latter corporation. This fact was stated in the petition for removal, and the existence of any such corporation as the Knoxville & Augusta Railroad Company denied. That petition further averred that the complainant had named the extinct company as a defendant "improvidently and improperly and for the purpose of attempting to prevent and interfere with your petitioner's right of removal," etc., "and of fraudulently interfering with the legal jurisdiction of said United States courts over this proceeding." No issue was ever made upon this averment, and the motion to remand was upon other grounds. Averments of fact in a petition to remove, in the absence of some denial by answer or by comparison with the record, must be taken as admitted, and, if sufficient upon their face to justify a removal, all other questions out of the way, will entitle the Circuit Court to maintain its jurisdiction. Dishon v. C., N. O. & R. Co., 133 Fed. 471, 474, 66 C. C. A. 345.

The objection now made is untenable.

The decree will be in all things affirmed.