CAMP et al. v. FIELD.

(Circuit Court, N. D. Georgia. May 20, 1911.)

No. 1,327.

1. REMOVAL OF CAUSES (§ 89*)—PETITION FOR REMOVAL—CONCLUSIVENESS.
   The facts stated in a petition for the removal of a cause to a federal court, which are not in conflict with anything contained in the pleadings in the suit, must be taken as true unless traversed.
   [Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 89.*]

2. REMOVAL OF CAUSES (§ 4*)—ACTIONS REMOVABLE—SUIT IN EQUITY.
   A suit instituted in a state court as authorized by Civ. Code Ga. 1910, §§ 3895, 3896, to compel an executor to assent to a legacy to plaintiff, is a suit in equity, independent of and distinct from the administration of testator's estate by the ordinary's court, and may be removed to the federal court on the ground of diversity of citizenship.
   [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 11-20; Dec. Dig. § 4.*]

In Equity. Suit by Mrs. Jane M. Camp and another against Richard H. Field. Motion to remand cause to state court. Overruled.

D. W. Blair, for complainants.
R. H. Field, for defendant.

NEWMAN, District Judge. This is a motion to remand. The suit, brought in the state court and removed to this court, was to compel Field, as one of the executors of George H. Camp, deceased, to assent to a legacy to the plaintiff, Mrs. Camp. The proceeding is instituted under a provision of the Code of Georgia, and the two sections of the Code which are material here are sections 3895 and 3896 of Hopkins' Code of Georgia of 1910. They are as follows:

"Sec. 3895. Assets to Pay Debts. All property, both real and personal, in this state, being assets to pay debts, no devise or legacy passes the title until the assent of the executor is given to such devise or legacy.

"Sec. 3896. Effect of Assent. The assent of the executor may be presumed from his conduct, as well as his expressed consent; the executor, however, cannot, by assenting to legacies, interfere with the rights of creditors, nor can he, by capriciously withholding his assent, destroy the legacy. In equity the legatee may compel him to assent."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The last language of the latter section is the most material here; that is, "in equity the legatee may compel him to assent."

The motion to remand is on the ground that:

"The petition in said case is not a suit at common law, as contemplated by the statute conferring jurisdiction upon this honorable court; the petition in this case is not a suit in equity, as contemplated by the statute conferring jurisdiction upon this honorable court; the matter in dispute does not exceed the sum or value of $2,000 in the sense contemplated by said statute, in that no recovery is sought from the defendant therein. The petition does not seek a money judgment against the defendant, but simply to compel the performance of a duty assumed by him as executor of said deceased."

No amount is stated in the suit brought in the state court as being involved, but the petition for removal states that the matter in dispute exceeds the value of $2,000 exclusive of interest and costs.

[1] The facts stated in the petition for removal, which do not conflict with anything contained in the pleadings in the suit removed, will be taken as true unless traversed. Dishon v. Railroad Co., 133 Fed. 471, 66 C. C. A. 345; Atlanta, K. & N. Ry. Co. v. Southern Ry. Co., 153 Fed. 122, 82 C. C. A. 256; Waha-Lewiston Land & Water Co. v. Lewiston-Sweetwater Irrigation Co., Ltd. (C. C.) 158 Fed. 137.

[2] The only real question for determination here is whether or not this is such a proceeding as to take jurisdiction of it in the Circuit Court would involve interference with the administration of the estate; that is, the authority and control of the court of ordinary of Cobb county over the probate proceedings and the administration and distribution of the estate.

The statute (3896) shows clearly that a proceeding in equity, entirely independent of and distinct from the administration of the estate by the ordinary's court, is authorized. If a suit to require the assent of the executor to a legacy may be brought in the superior court of the state, why may not such suit be brought in the Circuit Court of the United States, if the necessary jurisdictional amount is involved and the requisite diverse citizenship exists? I see no reason whatever why it may not.

I think this case is fully controlled by a recent decision of the Supreme Court in Waterman v. Canal-Louisiana Bank & Trust Company, Executor, 215 U. S. 33, 30 Sup. Ct. 10, 54 L. Ed. 80. This is the last decision which deals with the distinction between cases which will and those which will not interfere with the control of probate courts over the estates of decedents. The part that is pertinent here is stated in the second syllabus as follows:

"While federal courts cannot seize and control property which is in the possession of the state courts and have no jurisdiction of a purely probate character, they can, as courts of chancery, exercise jurisdiction, where proper diversity of citizenship exists, in favor of creditors, legatees, and heirs, to establish their claims and have a proper execution of the trust as to them."

No question is made in this case as to the existence of the requisite diverse citizenship.

The motion to remand will be overruled.