## RUSSELL v. CHAMPION FIBRE CO.

(Circuit Court of Appeals, Fourth Circuit.  June 10, 1914.)

### No. 1233.

1. MASTER AND SERVANT (§ 150*)—INJURIES TO SERVANT—DUTY OF FOREMEN.

A foreman, having charge of and controlling workmen, is presumed to observe the presence or absence of proper safety appliances and to know the danger of working at rapidly revolving machinery without such appliances, and it is his duty to warn those working under his direction and control of dangers not obvious to them.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 297, 299–302, 305–307;  Dec. Dig. § 150.*]

2. MASTER AND SERVANT (§ 258*)—INJURIES TO SERVANT—NEGLIGENCE OF MASTER AND FOREMAN—JOINT TORT.

In an action for injuries to an employé while operating a barking machine, the complaint alleged that plaintiff, an employé of defendant corporation, while "in charge of" and "working under the directions" of defendant's foremen, owing to the negligence of defendant corporation and the foremen in failing to provide plaintiff with a reasonably safe place to work and reasonably safe and suitable machines, and in failing to give plaintiff proper warning and instruction as to the dangers, etc., while operating a machine not provided with a belt shifter, was injured, etc. Held, that the complaint alleged joint negligence on the part of the defendants, corporation, and the foremen.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 816–836;  Dec. Dig. § 258.*]

3. MASTER AND SERVANT (§ 189*)—INJURIES TO SERVANT—FELLOW SERVANT OR VICE PRINCIPAL.

Whether one in charge of other servants is a fellow servant or vice principal depends on whether those acting under his orders have just reason to believe that neglect or disobedience of orders will be followed by dismissal.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 427–435, 437–448;  Dec. Dig. § 189.*

Who are fellow servants, see notes to Northern Pac. R. Co. v. Smith, 8 C. C. A. 668;  Flippin v. Kimball, 31 C. C. A. 286.]

4. REMOVAL OF CAUSES (§ 36*)—DIVERSE CITIZENSHIP—JOINDER OF DEFENDANTS—FRAUDULENT JOINDER.

Where, in an action otherwise removable for diversity of citizenship, a resident defendant is joined with a nonresident, the joinder, though fair on its face, may be shown by a petition for removal to be a fraudulent device to prevent a removal, but the showing must consist of a statement of facts rightly engendering such conclusion;  a mere traverse of the allegations on which the liability of the resident defendant is rested, or to apply the epithet "fraudulent" to the joinder, being insufficient.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 79;  Dec. Dig. § 36.*]

5. REMOVAL OF CAUSES (§ 47*)—RESIDENT DEFENDANTS—JOINDER—BAD FAITH.

Where a complaint, in a cause otherwise removable joins resident defendants, a statement of a cause of action against the defendants jointly is conclusive against the nonresident defendant's right to remove the cause as against a petition to remove containing no statement of facts from which the court can draw a conclusion that the joinder is not only in bad faith but without right.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 92;  Dec. Dig. § 47.*

Fraudulent joinder of parties to prevent removal, see note to Offner v. Chicago & E. R. Co., 78 C. C. A. 362.]

In Error to the District Court of the United States for the Western District of North Carolina, at Asheville; James E. Boyd, Judge.

Action by R. E. Russell against the Champion Fibre Company. Judgment for defendant, and plaintiff brings error. Reversed.

R. R. Williams, of Asheville, N. C. (Jones & Williams, of Asheville, N. C., and J. Bat Smathers, of Canton, N. C., on the brief), for plaintiff in error.

Alf. S. Barnard, of Asheville, N. C., for defendant in error.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

WOODS, Circuit Judge. In this action, brought in the superior court for Buncombe county, N. C., against Champion Fibre Company, W. S. McReary, and Erastus Cook, for the loss of a hand in a barking machine while plaintiff was in the employment of the Fibre Company, the state court on petition of the Fibre Company granted a motion to remove the cause to the District Court of the United States for the Western District of North Carolina. A motion was afterwards made in the District Court by counsel for plaintiff to remand the cause to the state court on the ground that the complaint alleged a joint tort by the Champion Fibre Company, an Ohio corporation, and W. S. McReary and Erastus Cook, residents of the state of North Carolina. This motion was refused, and on the trial the District Judge directed a verdict for the defendant.

The first assignment of error brings up the refusal of the District Judge to remand the cause to the state court. The complaint contains: First, the general allegation of the injury to the plaintiff, an employé of the defendant corporation, while "in charge of" and "working under the directions" of McReary and Cook as foremen, owing to the negligence of the defendant corporation and McReary and Cook, its foremen, in failing "to provide for him a reasonably safe and suitable place in which to work, and reasonably safe and suitable machines, instrumentalities, and appliances, and to give him proper warning and instructions as to the dangers to which he was subjected"; second, the more definite allegation that, a wood-barking machine, which plaintiff was operating in the course of his employment, having become choked, it was his duty to clean it out; that he was inexperienced in such work and did not know the danger and had never been warned of it; that in order to stop the machine to clean it, he shifted the belt from the tight pulley to the loose pulley with an ordinary long-handled wrench, the only appliance provided by the defendants for the purpose; that the belt suddenly shifted from the loose pulley to the tight pulley on account of the failure of the defendants to provide the belt with a shifter to hold it in place; that the machine, thus suddenly started, caught and cut off plaintiff's hand.

[1-3] The important inquiry is whether the complaint alleges a joint tort under the laws of North Carolina. This is denied in the petition for removal filed by the Fibre Company, the averment being that the duty to provide proper appliances and the duty to warn the plaintiff of the danger was on the company and not on its foremen, that the complaint contains no allegation that the foremen knew of the defect in

the machine, or could have discovered it by reasonable care, or that it was their duty to inspect the machine or repair it, or that the plaintiff was working at the machine in obedience to an order of either of the foremen named. It is true that the allegations of breach of duty on the part of the foremen are not very definite. But a foreman having charge of and controlling workmen is presumed to observe the presence or absence of proper safety appliances and to know the danger of working at rapidly revolving machinery without such appliances; and it is his duty to warn those working under his direction and control of dangers which are not obvious to them. The allegations of the complaint must therefore be held to charge the foremen with actionable negligence in failing to warn the plaintiff of the danger. The facts alleged, if proved, will also make a case of joint negligence of the Fibre Company and its foremen, for the Fibre Company also owed the duty to warn the plaintiff of dangers not obvious to him; and evidence that the plaintiff as an employé of the Fibre Company was in charge of the foremen and working under their direction and control might well extend to the point of showing that he had just reason for believing that disobedience of orders of the foremen would be followed by dismissal, thus showing that the foremen were the representatives of the Fibre Company. In decisions too numerous for citation the Supreme Court of North Carolina has laid down the rule of representation as follows:

"The test of the question whether one in charge of other servants is to be regarded as a fellow servant or vice principal is whether those who act under his orders have just reason for believing that neglect or disobedience of orders will be followed by dismissal." Turner v. Lumber Co., 119 N. C. 387, 26 S. E. 23; Beal v. Champion Fibre Co., 154 N. C. 147, 69 S. E. 834.

If the foremen were the representatives of the Fibre Company through whom the plaintiff had a right to expect the warning of danger, then it could not be argued that there was not a joint liability for failure to give the warning.

[4] The motion to remand the cause to the state court was refused on the additional ground that it appeared from defendant's petition for removal to the federal court that the plaintiff joined McReary and Cook as defendants without any real purpose to prosecute his demand against them, but for the purpose of fraudulently avoiding the federal statute and defeating the defendant's right of removal to the federal court. The sum of the numerous decisions of the, Supreme Court is so clearly stated in Chesapeake & O. R. Co. v. Cockrell, 232 U. S. 146, 34 Sup. Ct. 278, 58 L. Ed. ——, that it is unnecessary to go back of that case:

"A civil case, at law or in equity, presenting a controversy between citizens of different states and involving the requisite jurisdictional amount, is one which may be removed by the defendant, if not a resident of the state in which the case is brought; and this right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy. * * * So, when in such a case a resident defendant is joined with the nonresident, the joinder, even although fair upon its face, may be shown by a petition for removal to be only a fraudulent device to prevent a removal; but the showing must consist of a statement of facts rightly engendering that conclusion. Merely to traverse the allegations upon

which the liability of the resident defendant is rested, or to apply the epithet 'fraudulent' to the joinder, will not suffice; the showing must be such as compels the conclusion that the joinder is without right and made in bad faith." Wecker v, National Enameling Co., 204 U. S. 176, 27 Sup. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757; Chicago, etc., Ry. v. Schwyhart, 227 U. S. 184, 33 Sup. Ct. 250, 57 L. Ed. 473.

[5] It thus appears that it is incumbent on the nonresident defendant to show that the joinder of resident defendants is not only in bad faith but without right. As we have seen, the complaint states a cause of action against the defendants jointly, and that is conclusive of the issue, since the petition for removal contains no statement of facts from which the court could draw a contrary conclusion. The statements in the petition that there was no right of joinder, and that the foremen were made parties for the purpose of fraudulently defeating the defendant's right of removal, are mere legal inferences and cannot affect the question.

It follows that the motion to remand the cause to the superior court for Buncombe county should have been granted.

Reversed.