NELSON v. BLACK DIAMOND MINING CO. et al.

(District Court, W. D. Kentucky, at Owensboro.    December 8, 1916.)

1. REMOVAL OF CAUSES ⬳36—DIVERSITY OF CITIZENSHIP—FRAUDULENT
JOINDER TO PREVENT REMOVAL.
Where a citizen is fraudulently and collusively, joined as codefendant
with a foreign corporation with the sole intent to prevent a removal, the
foreign corporation is entitled to removal.
[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 79;
Dec. Dig. ⬳36.]

2. REMOVAL OF CAUSES ⬳86(10)—PETITION IN STATE COURT—ALLEGATIONS
OF FACT—NECESSITY OF DENIAL.
Where there is no denial of the allegations of the petition for removal,
they must be taken as true.
[Ed. Note.—For other cases, see Removal of· Causes, Cent. Dig. § 179;
Dec. Dig. ⬳86(10).]

3. REMOVAL OF CAUSES ⬳110—PETITION—NECESSITY—REMOVAL AFTER RE-
MAND.       ⬍
A case cannot be removed on a motion made in a state court, particu-
larly after the motion to remand has been sustained by the federal
court, but a petition conforming to the statutory requirements at the
time must be filed.
[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 236;
Dec. Dig. ⬳110.]

4. REMOVAL OF CAUSES ⬳90—ORDER BY STATE COURT—NECESSITY.
When a sufficient petition for removal is filed in the state court, and
the proper bond given and approved, the cause is ipso facto removed, and
no order of the state court is necessary.
[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 198,
199;  Dec. Dig. ⬳90.]

5. REMOVAL OF CAUSES ⬳17—WAIVER—SUBSEQUENT PROCEEDINGS-IN STATE
COURT.
A defendant does not waive his right to insist on the removal of a
cause of action by following the case in the state court after it is denied
the right to remove.
[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 10;
Dec. Dig. ⬳17;  Courts, Cent. Dig. § 150.]

6. REMOVAL OF CAUSES ⬳109—JURISDICTION AFTER REMOVAL—EFFECT OF
AMENDED PETITION.
The filing of plaintiff's amended petition on the merits after removal
of the cause by defendant does not affect the jurisdiction of the federal
court.
[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 235;
Dec. Dig. ⬳109.]

7. REMOVAL OF CAUSES ⬳107(1)—FILING COPY OF RECORD—DELAY.
The failure to file the copy of the record in the federal court within
the time required does not affect· the jurisdiction of the court, and where
the delay was caused by the continued prosecution of the case in the state
court by plaintiff, and plaintiff filed an amended petition in the federal
court, and then a motion to remand, not based, however, on the delay in
filing the record, the court will exercise its discretion to permit the copy
to be filed, and will not remand on that ground.
[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 228;
Dec. Dig. ⬳107(1).]

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At Law. Action by O. P. Nelson against the Black Diamond Mining Company and another. On motion to remand to the state court. Motion overruled.

D. M. Roll, of Greenville, Ky., and B. F. Proctor, of Bowling Green, Ky., for plaintiff.

S. C. Eaves, of Greenville, Ky., and W. P. Sandidge, of Owensboro, Ky., for defendants.

EVANS, District Judge. This action was brought in the Muhlenberg circuit court on August 14, 1914, by O. P. Nelson, a citizen of Kentucky, against the Black Diamond Mining Company (which we shall call the Mining Company), a citizen of Delaware, and W. B. Franklin, a citizen of Kentucky, for the recovery of $15,000 for personal injuries. On September 7, 1914, the Mining Company, after proper notice, filed in the state court its petition for the removal of the action to this court. This petition alleged that the citizenship of the respective parties was as above shown, and stated in detail facts which, not being controverted, amply show that the joinder of Franklin as a defendant was altogether fraudulent and collusive, and was made with the sole intent thereby to prevent a removal of the action.

[1] This petition, therefore, was sufficient in law under the rulings in Chesapeake & Ohio Co. v. Cockrell, 232 U. S. 146, 154, 34 Sup. Ct. 278, 58 L. Ed. 544, Russell v. Champion Fiber Co. (C. C. A.) 214 Fed. 965, and many other cases. The proper bond was given at the time and was approved by the state court. The case was thus effectively removed to this court, regardless of the fact that Franklin, a citizen of Kentucky, was a party defendant.

[2] No denial of any of the allegations of the petition for removal was in any manner made by the plaintiff, and they must be taken as true. Atlanta, etc., Ry. v. Southern Ry., 153 Fed. 122, 126, 82 C. C. A. 256, 11 Ann. Cas. 766; Dishon v. Cincinnati, etc., Ry. Co., 133 Fed. 471, 66 C. C. A. 345; Kentucky v. Powers, 201 U. S. 34, 26 Sup. Ct. 387, 50 L. Ed. 633, 5 Ann. Cas. 692.

The state court having refused to enter an order removing the case, proceedings progressed to a trial, at which that court instructed a verdict for both defendants. Judgment having been rendered accordingly the case was taken to the Court of Appeals, which court in January, 1916, reversed the judgment of the lower court as to the Mining Company, but affirmed it as to Franklin. The case was remanded by the Court of Appeals to the Muhlenberg circuit court, and on April 21, 1916, a motion was made and sustained to remove the case to this court. On May 15th for the first time a transcript of the record was filed here by the Mining Company.

[3] As we have very recently held in Key v. West Kentucky Coal Co., 237 Fed. 258, a case cannot be removed on a mere "motion" made in the state court, and particularly after (the transcript having been filed) a motion to remand the case has been sustained by the federal court. The statute does not authorize the removal of a case on motion. That must be done upon a petition which conforms to the requirements of the law at the time it is filed. Here, as we have seen, the case was

actually removed in September, 1914, though no attempt was made by either party to file a transcript of the record in this court until after all the proceedings in the state court to which we have referred had been had.

[4] However, as the petition for removal was per se sufficient, and as the proper bond was given and approved by the state court when the petition was filed, no order of the state court removing the case to this court was necessary. It was, ipso facto, removed by the filing of the petition for removal and the giving of the bond. Crehore v. Ohio, etc., Ry., 131 U. S. 243, 9 Sup. Ct. 692, 33 L. Ed. 144; Marshall v. Holmes, 141 U. S. 595, 12 Sup. Ct. 62, 35 L. Ed. 870; Stevenson v. Illinois Central R. R. (C. C.) 192 Fed. 958, and cases cited. Accordingly we shall treat the removal of the case as completed in September, 1914.

[5] The Mining Company lost none of its rights by following the case in the state courts, as has been clearly settled by the authorities. Powers v. Chesa. & Ohio Ry. Co., 169 U. S. 103, 18 Sup. Ct. 264, 42 L. Ed. 673, and cases there cited and many others. As has been stated, no transcript was filed in this court until May, 1916, nor was any motion made to remand the case until the one we are now considering was entered by the plaintiff on November 27, 1916. No question as to delay was raised, or perhaps thought of, when the transcript was filed here. Instead of afterwards objecting to the filing of the transcript, because of its being too late, the plaintiff, on June 22, 1916, filed an amendment to his own petition, endeavoring thereby to more perfectly state his cause of action against the Mining Company.

The plaintiff's motion to remand is in this language:

"Comes the plaintiff, O. P. Nelson, and moves the court to remand the above-styled cause to the Muhlenberg circuit court in and for the county of Muhlenberg and state of Kentucky on the grounds that this court is without jurisdiction to hear and determine this cause for the fact that plaintiff's petition alleges and plaintiff's proof shows a cause of action in favor of the plaintiff against each of the said defendants on account of the joint and concurrent negligence therein set out and therein contained, and that the said petition and proof show that the said defendant W. B. Franklin was and is a resident of the county of Muhlenberg and state of Kentucky, in which county and state said petition was filed."

It will be noted that in his motion plaintiff does not make the delay in filing the transcript a basis for his motion to remand the case. In this situation only two questions need be considered.

[6] First. Did the filing of the plaintiff's amended petition on the merits affect the *jurisdiction* of the court? We think not, as the statute does not so provide. Filing the amendment may, in effect, have been a consent by the plaintiff to the court's jurisdiction, and if no one of the parties to the action had been a citizen of Kentucky it would have been held to be binding under the ruling in Ex parte Moore, 209 U. S. at page 496, 28 Sup. Ct. 706, 52 L. Ed. 904, 14 Ann. Cas. 1164. Here, however, the plaintiff is a citizen of Kentucky and the defendant a citizen of Delaware. In the respect that one of the parties is a citizen of the state in which the suit was brought, this case differs from the Moore Case, and possibly it may be doubtful whether that ruling

applies, as, ordinarily, consent cannot give jurisdiction to the courts of the United States. If, however, the Moore Case does apply, our jurisdiction cannot be doubted.

[7] Second. The long delay in filing the transcript not being jurisdictional, what effect did that delay have on the rights of the plaintiff? Four circumstances should be noticed, namely, the fact that the delay was caused by the proceeding in the state court; the fact that at the time of amending his petition the plaintiff did not object to the delay in filing the transcript; the fact that the filing by the plaintiff of the amended petition was intended to perfect his cause of action in his own pending suit; and the fact that the plaintiff did not in his motion to remand insist upon the delay in filing the transcript as a ground for remanding the case. When these circumstances are considered together, we think the plaintiff must be held to have waived any objection to the delay in filing the transcript, and the court, in its discretion, may accept that waiver as binding upon the plaintiff. St. Paul, etc., R. R. Co. v. McLean, 108 U. S. 216, 2 Sup. Ct. 498, 27 L. Ed. 703; Railroad Co. v. Koontz, 104 U. S. 14, 17, 26 L. Ed. 643. Especially may this be so, as the continued prosecution of the case in the state court by the plaintiff after the removal may have caused the delay in filing the transcript here. 108 U. S. 216, 2 Sup. Ct. 498, 27 L. Ed. 703. While the statute requires great promptness in filing the *petition for removal* in the state court, later proceedings are regarded as modal and not jurisdictional. For this reason the court may exercise the discretion we have shown it to possess, and permit the filing of the transcript at a later date than the first day of the next succeeding term of the federal court, to which the case must go. Upon the facts appearing here we think the court's discretion may be as well exercised now as it could have been exercised at the time the transcript was filed.

In the opinion of the court the facts and circumstances to which we have referred and the authorities which we have cited justify the overruling of the motion to remand made on November 27, 1916, nearly six months after the filing of the plaintiff's amended petition.

The motion to remand is overruled.